**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **CYNTHIA P.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. EA-25-3260** |
| **COMMISSIONER OF SOCIAL SECURITY,** | * | |
| | * | |
| **Defendant.** | * | |

**MEMORANDUM OPINION**

On October 2, 2025, Plaintiff Cynthia P. petitioned this Court to review the final decision of the Social Security Administration (SSA or the Commissioner) denying her claim for benefits.[1] ECF No. 1. Pending before the Court is Plaintiff's appeal, which is fully briefed. ECF Nos. 15, 17–18. No hearing is necessary. Local Rule 105.6 (Dec. 1, 2025 D. Md.). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig* v. *Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, and for the reasons set forth below, the Commissioner's decision is affirmed.

## I. BACKGROUND

The instant action is Plaintiff's second appeal in connection with her claim for benefits. Following an overview of the procedural history of this case and the applicable statutory framework is a discussion of the pertinent sections of the administrative decision at issue in this appeal.

---

[1] This case was referred to a United States Magistrate Judge with the parties' consent and reassigned to the undersigned on June 30, 2026. ECF Nos. 4, 6–7; 28 U.S.C. § 636; Local Rule 301.4 (D. Md. Dec. 1, 2025).

### A. Procedural History

On September 29, 2020, Plaintiff applied for Supplemental Security Income under Title XVI of the Social Security Act (the Act), 42 U.S.C. § 1381 *et seq*., alleging a disability onset date of December 1, 2019. ECF No. 11 at 195.[2] Plaintiff asserted that she was disabled due to anxiety, depression, post-traumatic stress disorder, degenerative disc disease, memory loss, arthritis, a thyroid disorder, bipolar disorder, high blood pressure, and restless leg syndrome. *Id.* at 212. After the SSA denied Plaintiff's application for benefits, she sought reconsideration, and the Commissioner affirmed its determination on September 9, 2022. *Id.* at 82, 99, 101, 118, 120–121, 135. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on August 24, 2023. *Id.* at 36–55, 155. On September 27, 2023, the ALJ rendered a decision (ALJ Decision I) in which he found that Plaintiff was not disabled within the meaning of the Act. *Id.* at 22–32. Plaintiff requested further review, which the Appeals Council denied on January 17, 2024. *Id.* at 6. On March 6, 2024, Plaintiff filed suit in this Court seeking review of ALJ Decision I. *Id.* at 416. On August 22, 2024, this Court granted Defendant's stipulated motion to remand the case to the Commissioner for further proceedings. *Id.* at 423, 425; *Cynthia P.* v. *Commissioner, Social Security*, CDA-24-671 (D. Md.) (ECF No. 13). On October 18, 2024, the Appeals Council vacated ALJ Decision I and remanded the case to the same ALJ with instructions to further evaluate Plaintiff's mental limitations and her residual functional capacity. ECF No. 11 at 428, 430–431; *see* I.B., *infra*. The ALJ held a hearing on May 22, 2025, and rendered a decision on July 24, 2025, in which he again found that Plaintiff was not disabled within the meaning of the Act (ALJ Decision II). *Id.* at 359–373; 379–392. Plaintiff subsequently filed the instant appeal seeking review of ALJ Decision II. ECF No. 1.

[2] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

**B. Statutory Framework**

The Act authorizes Supplemental Security Income payments to "persons who have a 'disability,'" based on financial need. *Barnhart* v. *Thomas*, 540 U.S. 20, 21 (2003); *Delk* v. *Colvin*, 675 Fed. Appx. 281, 282 (4th Cir. 2017); *see also* 42 U.S.C. §1381a, 1382. The Act defines "disability" as being "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. § 416.905(a). To receive benefits under the SSA, "a plaintiff has the burden of proving disability." *Britt* v. *Saul*, 860 Fed. Appx. 256, 257 (4th Cir. 2021).

Federal regulations require the ALJ to evaluate a claimant's disability claim using a five-step sequential evaluation process. 20 C.F.R. § 416.920. Through this process, an ALJ evaluates, in order, "whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock* v. *Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "The applicant bears the burden of production and proof during the first four steps of the inquiry." *Pass* v. *Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At step five, "the burden shifts to the Commissioner to prove, by preponderant evidence, that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience." *Mascio* v. *Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) (internal quotation marks and citation omitted).

If the claimant satisfies step three, there is "an automatic finding of disability," which "relieves the decision maker from proceeding to steps 4 and 5." *Patterson* v. *Commissioner of*

*Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017). If the claimant does not carry their burden at the third step of the sequential evaluation, then the ALJ must assess relevant evidence and make a finding regarding the claimant's residual functional capacity. 20 C.F.R. § 416.920(e); *Monroe* v. *Colvin*, 826 F.3d 176, 179 (4th Cir. 2016). Residual functional capacity is defined as "the most [the claimant] can still do despite [their physical and mental] limitations." 20 C.F.R. § 416.945. The ALJ then uses its residual functional capacity determination at the fourth and fifth steps of the disability assessment. 20 C.F.R. § 416.920(e); *Monroe*, 826 F.3d at 180.

**C. ALJ Decision II**

On remand, at step one of the five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 12, 2020, the application date. ECF No. 11 at 362. At step two, the ALJ found that Plaintiff had the severe impairments of depression, post-traumatic stress disorder, and attention-deficit hyperactivity disorder. *Id.* The ALJ also found that Plaintiff had the non-severe impairment of obesity. *Id.* At step three, the ALJ determined that Plaintiff does not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."[3] *Id.* (bold removed). The ALJ also considered Plaintiff's mental limitations and found that that she has mild and moderate limitations in each of the four functional areas. *Id.* Before continuing to the step four of the sequential evaluation, the ALJ determined that Plaintiff had the residual functional capacity to:

---

[3] Appendix 1 to 20 C.F.R. Part 404, Subpart P provides a listing of impairments. Within Appendix 1, "Adult Listings 12.00 *et seq*. . . . pertain to mental impairments, and consist of (1) 'paragraph A criteria,' which consist of a set of medical findings; (2) 'paragraph B criteria,' which consist of a set of impairment-related functional limitations; and (3) 'paragraph C criteria,' which relate to 'serious and persistent' disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment." *Autumn T.* v. *Saul*, Civil Action No. DLB-19-1572, 2020 WL 4194145, at *3 (D. Md. July 21, 2020). The listing of impairments found in Appendix 1 is incorporated into the evaluation criteria for Supplemental Security Income benefits. 20 C.F.R. § 416.925.

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to understanding, remembering, and carrying out simple instructions. She would be limited to work without a specific production rate pace, such as an assembly line or hourly production quotas. She would be limited to simple work-related decisions. She would have no more than occasional interaction with supervisors and coworkers, and no interaction with the public.

*Id.* at 364 (bold removed). At step four, the ALJ determined that Plaintiff had no past relevant work. *Id.* at 371.

At step five, the ALJ found that, considering the Plaintiff's "age, education, work experience, and residual functional, capacity, there are jobs that exist in significant numbers in the national economy" that she could perform. *Id.* (bold removed). To assist in his step-five determination, the ALJ asked a vocational expert at the hearing "whether jobs exist in the national economy for an individual with the [Plaintiff's] age, education, work experience, and residual functional capacity." *Id.* at 372, 390. The vocational expert testified that Plaintiff could perform the requirements of three unskilled occupations with medium exertion, including a hand packager (51,000 jobs in the national economy), janitor (60,000 jobs in the national economy); and laundry laborer (68,000 jobs in the national economy). *Id.* at 372, 390. The vocational expert identified the data sources she relied upon and the approach she used to estimate the number of jobs available in the national economy that Plaintiff could perform. *Id.* at 372, 391. The ALJ noted that although the Appeals Council had directed him to evaluate the vocational expert's testimony pursuant to Social Security Ruling 00-4p, Policy Interpretation Ruling: Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Information in Disability Decisions (SSR 00-4p), 65 Fed. Reg. 75,759-01 (Dec. 4, 2000), that ruling had since been rescinded and replaced, effective January 6, 2025, by Social Security Ruling 24-3p, Titles II and XVI: Use of Occupational Information and Vocational Specialist and Vocational Expert Evidence in Disability Determinations and Decisions (SSR 24-

3p), 89 Fed. Reg. 97,158-01 (Dec. 6, 2024). *Id.* at 372. The ALJ further noted that "SSR 24-3p provides that[ ] the agency will use that SSR beginning on its applicable date," and that "if a court reverses a final decision and remands a case for further administrative proceedings after the applicable date of that SSR, SSR 24-3p will be applied to the entire period at issue in the decision made after the court's remand." *Id.* The ALJ therefore applied SSR 24-3p, as opposed to SSR 00-4p. *Id.* Ultimately, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, since September 12, 2020, the date the application was filed." *Id.* at 373 (bold removed).

## II. DISCUSSION

On appeal, Plaintiff contends that "SSR 24-3p is contrary to law and was promulgated in excess of Agency authority." ECF No. 15 at 3. Plaintiff argues for reversal "on the basis that [the Commissioner] is enjoined and restrained from implementing SSR 24-3p against Plaintiff until SSR 24-3p has gone through proper notice-and comment procedures." *Id.* at 24. Plaintiff's argument is addressed below following discussion of the applicable standard of review.

### A. Standard of Review

The scope of judicial review of the SSA's disability determination is "circumscribed." *Britt*, 860 Fed. Appx. at 259 (citing 42 U.S.C. § 405(g)).[4] The Court must affirm the decision "so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence." *Id*. Factual findings supported by substantial evidence "shall be conclusive." 42 U.S.C. § 405(g); *see also Hays* v. *Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if [the] decision is

[4] After a hearing to determine an individual's eligibility for Supplemental Security Income benefits, the Commissioner's final determination is subject to the same judicial review as provided in 42 U.S.C. § 405(g). 42 U.S.C. § 1383(c)(3).

supported by substantial evidence."). The phrase "substantial evidence" is a "term of art" that "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek* v. *Berryhill*, 587 U.S. 97, 102-103 (2019) (quoting *Consolidated Edison Co.* v. *NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla . . . [and] somewhat less than a preponderance." *Laws* v. *Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 587 U.S. at 103. In conducting the substantial evidence inquiry, this Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co.* v. *Akers*, 131 F.3d 438, 439-440 (4th Cir. 1997). Although an ALJ's decision must be sufficiently detailed to allow for meaningful judicial review, *Mascio*, 780 F.3d at 636-637, an "elaborate or even sophisticated" explanation is not required, *T-Mobile S., LLC* v. *City of Roswell*, 574 U.S. 293, 302 (2015). "Meaningful review is frustrated—and remand necessary—only where [the Court is] unable to fathom the [ALJ's] rationale in relation to evidence in the record." *Britt*, 860 Fed. Appx. at 262 (internal quotation marks and citation omitted).

**B. SSR 24-3p**

Plaintiff's sole argument on appeal relates to the process by which SSR 24-3p was adopted, which she claims violated the rule-making procedures of the Administrative Procedure Act (APA), 5 U.S.C. §§ 551–559. ECF No. 15 at 3. Plaintiff did not, however, allege a violation of the APA in her Complaint. ECF No. 1. Instead, Plaintiff filed her appeal "pursuant to 42 U.S.C. § 405(g)." *Id*. This statute provides, in pertinent part, that an individual may seek judicial review of the Commissioner's final decision and that the reviewing court is empowered to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). A remand pursuant to sentence four of Section 405(g) requires a "substantive ruling"

as to the correctness of the ALJ's decision. *Melkonyan* v. *Sullivan*, 501 U.S. 89, 98 (1991); *Krishnan* v. *Barnhart*, 328 F.3d 685, 692 (D.C. Cir. 2003). An appeal under Section 405(g) is therefore "limited to challenging the ALJ's decision in [her] case—not the SSA's decision to adopt SSR 24-3p." *Benjamin C.* v. *Bisignano*, No. 1:25-CV-01341-RLH, 2026 WL 1682580, at *4 (C.D. Ill. June 10, 2026). As in *Benjamin C.*, Plaintiff "does not argue that the ALJ committed legal error; [s]he argues that the standard the ALJ applied was itself unlawful." *Id.*; *see also* ECF Nos. 15, 18. In that case, the United States District Court for the Central District of Illinois decided that the plaintiff's argument was procedurally flawed and not properly before the Court. *Benjamin C.*, 2026 WL 1682580, at *4-6. The undersigned reaches the same conclusion here. Plaintiff has made "no attempt to anchor [her] challenge to the facts of this case." *Id.* at *4; *see also* ECF Nos. 15, 18. As in *Benjamin C.*, Plaintiff "does not explain how the ALJ applied SSR 24-3p here, nor does [s]he argue that—had SSR 24-3p not been applied—the result would have changed." 2026 WL 1682580, at *4. Plaintiff merely contends that "judicial input on the legality of SSR 24-3p is necessary." ECF No. 15 at 24. This Court has previously found this argument, offered by the same counsel, constitutes an impermissible request for an advisory opinion. *Lisa W.* v. *Bisignano*, Civil Action No. JMC-25-2804, 2026 WL 2024675, at *6 (D. Md. July 14, 2026); *see also TransUnion LLC* v. *Ramirez*, 594 U.S. 413, 423-424 (2021) ("[F]ederal courts do not adjudicate hypothetical or abstract disputes," do not "exercise general legal oversight of the . . . Executive Branch," and "do not issue advisory opinions.").

## III. CONCLUSION

For the foregoing reasons, the Commissioner's decision is affirmed. A separate Order follows.

Date: August 20, 2026

/s/
Erin Aslan
United States Magistrate Judge